in cases otherwise subject to arbitration, "Future decisions by Missouri's courts addressing unconscionability likewise shall limit review of the defense of unconscionability to the context of its relevance to contract formation." *364 S.W.3d at 493 n.3.*

The Supreme Court has recognized unconscionability may affect contract formation or may be an issue of contract enforcement.[5] The same reasoning applies to other defenses such as duress or fraud. *Brewer* and relevant Supreme Court cases recognize duress as a defense against formation, but lack of duress is not an essential element of contract formation. *Baker v. Bristol Care, Inc.,* 450 S.W.3d 770, 782 *(Mo. 2014)* ("[A] contract is *voidable* due to ... duress ... but such [a] defense [has] nothing to do with contract formation. In fact, [duress] defenses assume a contract was formed.") (citations omitted). It does not follow that a party alleging duress is not raising a contract formation challenge. The same is true of fraud.

For these reasons, I dissent from the majority's holding that Mr. Pinkerton did not preserve the issue of delegation, its questioning of the fact that unconscionability has been recognized as an issue of contract formation, and its holding that, in a consumer case such as this, the mere reference to incorporation of the AAA rules, without their attachment and without specifically referencing the incorporation of the delegation provision, is unambiguous. I believe the language would be

ambiguous to an unsophisticated party if the Court does as *Purcell* requires and considers the context and the parties' relative sophistication. The case should be remanded for determination of the factual question whether an unsophisticated student such as Mr. Pinkerton clearly and unmistakably intended to delegate the issue of arbitrability to the arbitrator.

**Kirk FINCHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**WD 79902**

Missouri Court of Appeals,
Western District.

**ORDER FILED: OCTOBER 31, 2017**

Susan L. Hogan, Kansas City, MO, Counsel for Appellant.

Shaun Mackelprang, Jefferson City, MO, Counsel for Respondent.

---

**5.** *E.g., Granite Rock Co. v. Int'l Bhd. of Teamsters,* 561 U.S. 287, 304 n.9, 130 S.Ct. 2847, 177 L.Ed.2d 567 (2010) ("The parties' dispute about the [contract]'s ratification date presents a formation question in the sense above, and is therefore not on all fours with, for example, the formation disputes we referenced in *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 444, n. 1, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006), which concerned whether, not when, an agreement to arbitrate was 'concluded.' "); *Buckeye,* 546 U.S. at 444 n.1, 126 S.Ct. 1204 ("The issue of the contract's validity is different from the issue whether any agreement between the alleged obligor and obligee was ever concluded."). *Buckeye* went on to list several examples of formation questions, including "whether [a party] ever signed the contract, whether the signor lacked authority to commit the alleged principal, and whether the signor lacked the mental capacity to assent." *546 U.S. at 444 n.1, 126 S.Ct. 1204* (citations omitted).

Before Division Two: Edward R. Ardini, Jr., Presiding Judge, Karen King Mitchell, Judge, Anthony Rex Gabbert, Judge

### ORDER

Per Curiam:

Kirk Fincher appeals the denial, after an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief. We affirm. Rule 84.16(b).

Bert **BRIDGES, et al., Plaintiffs-Appellants,**

v.

**BORE-FLEX INDUSTRIES, INC., et al., Defendants-Respondents.**

No. SD 34878

Missouri Court of Appeals, Southern District, Division Two.

Filed: August 24, 2017

Motion for Rehearing and/or Transfer to Supreme Court Denied September 15, 2017

Application for Transfer to Supreme Court Denied September 15, 2017

Application for Transfer Denied November 21, 2017